# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-2010

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

FREDERICK C. REZIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
Nos. 01-C-683-S, 00-CR-83-S—**John C. Shabaz**, *Judge.*

ARGUED JANUARY 21, 2003—DECIDED MARCH 4, 2003

Before POSNER, KANNE, and DIANE P. WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant, Frederick Rezin, pleaded guilty to possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and was sentenced to 10 years in prison. He filed a notice of appeal but later dismissed it and filed a motion under 28 U.S.C. § 2255 to vacate his sentence on the ground that he had received ineffective assistance of counsel at the sentencing hearing because the lawyer had failed to argue against a statutory inter-pretation that authorized the sentence. The motion was denied, precipitating this appeal.

A claim of ineffective assistance of counsel, we have said many times, is indeed better made in postconviction proceedings than in a direct appeal from the sentence, to enable the district court to "hold a hearing, if necessary, to learn what motivated attorneys to make the choices which were made." *United States v. Yack*, 139 F.3d 1172, 1176 (7th Cir. 1998); see also *United States v. Davenport*, 986 F.2d 1047, 1050 (7th Cir. 1993); *United States v. Taglia*, 922 F.2d 413, 417-18 (7th Cir. 1991). But this is in general rather than in every case. If the claim plainly does not require any sort of hearing to evaluate, then unless the lawyer whose assistance is in question was the defendant's lawyer on direct appeal as well (for he can hardly have been expected to accuse himself of ineffective assistance, or, for that matter, to have noticed the oversight now claimed to have rendered his assistance ineffective), the failure to appeal causes the claim to be forfeited. E.g., *Olmstead v. United States*, 55 F.3d 316, 320 (7th Cir. 1995); *Guinan v. United States*, 6 F.3d 468, 471-73 (7th Cir. 1993); *United States v. Taglia, supra*, 922 F.2d at 418. The interest in finality of criminal judgments and thus in minimizing collateral attacks upon them requires this result, unless the defendant has a good reason, such as ineffective assistance by his appellate counsel, for being relieved from the forfeiture. See *id.* at 418; *Norris v. United States*, 687 F.2d 899, 903 (7th Cir. 1982).

That at any rate is the rule in this circuit, and in the Second Circuit as well. *Billy-Eko v. United States*, 8 F.3d 111, 115 (2d Cir. 1993). The Third and Tenth Circuits disagree, however, *United States v. DeRewal*, 10 F.3d 100, 103-04 and n. 2 (3d Cir. 1993); *United States v. Galloway*, 56 F.3d 1239, 1240-43 (10th Cir. 1995) (en banc), and the Supreme Court has now granted certiorari to resolve the intercircuit conflict. *Massaro v. United States*, 123 S. Ct. 31 (2002). No matter; forfeiture can be waived, and was here,

so we move directly to the merits of the argument that Rezin's trial lawyer failed to make at the sentencing hearing.

Rezin's maximum sentence would have been five years had the district court not determined that he had a prior conviction under state law for a sex crime against a minor. 18 U.S.C. § 2252(b)(2). The prior conviction was for third-degree sexual assault, in violation of a Wisconsin statute, against two minors. Rezin does not deny that the victims were minors. But he points out that the Wisconsin statute does not require that the victims be minors for the perpetrator to be guilty of third-degree assault, and he argues that his lawyer should have argued at the sentencing hearing that section 2252(b)(2) does not authorize additional punishment for an offense unless the victim's age was a statutory *element*, whatever the facts may be.

The government argues that the lawyer had no duty to make this argument because it's a loser. Well, it is, as we'll see. But it is not the case that a lawyer can never be found to have failed to come up to minimum professional standards for the representation of a criminal defendant by overlooking an argument for his client that was unlikely to prevail. Of course, if it does not prevail, then the lawyer is not guilty of ineffective assistance, because ineffective assistance requires both that the lawyer fail to come up to minimum professional standards for the representation of criminal defendants and that the failure be prejudicial, that is, likely to have affected the outcome of his client's case. But suppose the argument that the lawyer failed to make, though a long shot, would have succeeded; shall his client be denied relief under section 2255 (or its counterpart for state prisoners) because it *was* a long shot? In other words, is there *never* a duty to make weak arguments?

A defendant's lawyer has, it is certainly true, no duty to make a *frivolous* argument; and there is a tactical reason not to make weak arguments (and *a fortiori* frivolous ones, *Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984), which anyway are futile): they may distract the court from the strong arguments and as a result make it less likely to rule in the defendant's favor. But if as in this case there is only one argument that could be made on the defendant's behalf, and it is not frivolous, the lawyer may have a professional obligation to make it. *Keys v. Duckworth*, 761 F.2d 390, 392 (7th Cir. 1985) (per curiam); cf. *Fortenberry v. Haley*, 297 F.3d 1213, 1226-27 (11th Cir. 2002) (per curiam); *Tejeda v. Dubois*, 142 F.3d 18, 25 (1st Cir. 1998). It is not suggested that Rezin's lawyer had a tactical reason not to make the argument that we are about to examine; he could not have, since he had no other basis for knocking five years off his client's sentence. "The spectrum of counsel's legitimate tactical choices does not include abandoning a client's only defense." *United States ex rel. Barnard v. Lane*, 819 F.2d 798, 805 (7th Cir. 1987). There was nothing to lose and something to gain, though only in a probabilistic sense, from making the argument.

If, however, the argument that the lawyer fails to make is a subtle or esoteric one—something most lawyers would not have thought of, however conscientious they might be—then the lawyer cannot be said to have fallen below the *minimum* level of professional competence by failing to make it, and so the claim of ineffective assistance would fail even if the argument turned out to be a valid ground for a new trial. Criminal defendants have a right to a competent lawyer, but not to Clarence Darrow. See, e.g., *Thomas v. Gilmore*, 144 F.3d 513, 515 (7th Cir. 1998); *Wade v. Franzen*, 678 F.2d 56, 58 (7th Cir. 1982). A lawyer is not to be deemed incompetent merely for

lacking the imagination "to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal have concluded," *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999), though the clever lawyer would have spotted the bud.

Some cases, such as *Kurina v. Thieret, supra*, 853 F.2d at 1417, set a very low threshold indeed, by asking of the lawyer only an awareness of "obvious" issues. We doubt whether this was intended literally, however. In *Wade v. Franzen, supra*, 678 F.2d at 58, we said that "representation permeated by serious and inexplicable errors falls below minimum standards." Clearly so—and perhaps a serious error need not actually be inexplicable to convict the lawyer of falling below the modest level of competence that the Constitution has been interpreted to require of a criminal defendant's lawyer. Cf. *United States v. Williamson*, 183 F.3d 458, 463 and n. 7 (5th Cir. 1999).

It is at least arguable in this case that a competent lawyer, lacking any other possible ground for cutting five years off his client's sentence, would have realized that section 2252(b)(2) might limit "abusive sexual conduct involving a minor" to offenses of which the victim's being a minor was an element, that is, something the prosecution would have to prove beyond a reasonable doubt in order to convict; third-degree sexual assault in Wisconsin is not such an offense. Such arguments have occasionally succeeded. The leading case is *Taylor v. United States*, 495 U.S. 575, 601-02 (1990), and recently the Third Circuit construed a provision materially indistinguishable from that at issue here, 18 U.S.C. § 2251(d), which authorizes enhanced punishment if the defendant has a prior conviction that relates "to the sexual exploitation of children," to require that sexual exploitation of children be an element of the offense for which he was

convicted. *United States v. Galo,* 239 F.3d 572, 576-84 (3d Cir. 2001). *Galo* was decided after Rezin was sentenced, but if Rezin's lawyer had been alert he would have made the same argument in this case that Galo's lawyer made to the Third Circuit. This would not have involved predicting a change in the law; there was and is no case *directly* contrary to *Galo* (an important qualification, however, as we're about to see), or indeed any case interpreting the meaning of "abusive sexual conduct involving a minor" in section 2252(b)(2).

Even if the failure of the defendant's trial lawyer to make a *Galo*-type argument was incompetent, no remand is necessary, because, with all due respect to our colleagues in the Third Circuit, we think that the argument, though not frivolous, is unsound. The operative language in section 2252(b)(2) is "a prior conviction under this chapter, chapter 109A, chapter 117, or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." "[T]his chapter" of the federal criminal code, Chapter 110, the chapter in which section 2252 itself appears, is indeed about the sexual exploitation of children. But Chapter 109A, "sexual abuse," 18 U.S.C. §§ 2241 *et seq.,* and Chapter 117, "transportation for illegal sexual activity and related crimes," 18 U.S.C. §§ 2421 *et seq.,* are not limited to crimes against children.

The reference in section 2252(b)(2) to *state* laws against "aggravated sexual abuse" and "sexual abuse" is less clear on this point because, for obvious reasons of economy in statutory drafting, Congress did not try to cite every state law that it wished to make a basis for an enhanced sentence for violating section 2252(b)(2). However, although rela-

tively few states use the term to define an offense, in two that do, Illinois and New York, "sexual abuse" applies to prohibited conduct against both adults and children. 720 ILCS 5/12-15, 5/12-16; N.Y. Penal Law § 130.55-.70. Some states use the term "sexual abuse *of minors*," but this just confirms that the term "sexual abuse" requires a modifier to limit it to minors. The defendant argues that "involving a minor" in section 2252(b)(2) qualifies not just "abusive sexual conduct" but also "aggravated sexual abuse" and "sexual abuse." (He does not argue, however, that it also qualifies the enumerated federal offenses.) The punctuation is against him, though we do not regard that as determinative, since American standards of punctuation are notably lax. More important, it would have been strange had Congress on the one hand authorized heavier punishment for offenders who had a prior *federal* conviction for a sexual crime whether or not it involved a minor, and on the other hand insisted that if the prior conviction had been for a state offense, even one identical to one of the enumerated federal offenses, the victim had to be a minor. It would be stranger still if someone whose prior conviction *did* involve abusive sexual conduct with a minor escaped the heavier punishment because the age of the victim was not an element of the particular offense for which he was convicted. There is no mention of elements in section 2252(b)(2), and "prior conviction . . . *relating to* . . . abusive sexual conduct involving a minor" (emphasis added) is not naturally read to require that the age of the victim of the abusive sexual conduct be a statutory element.

From the standpoint of rational penal policy, moreover, what is important is the conduct that gave rise to the prior conviction, not the elements of the offense underlying that conviction. Congress wanted to punish violations of section 2252 more heavily if the offender had

been convicted of certain crimes previously, including abusive sexual conduct involving a minor, which is an exact description of Rezin's prior crime. The only reason for not treating the crime as what it was would be if we couldn't be sure what it was without an evidentiary hearing. There are compelling objections to turning a sentencing hearing into a factual inquiry concerning the circumstances of a crime committed many years earlier. Cases such as our *United States v. Shannon*, 110 F.3d 382, 384-85 (7th Cir. 1997) (en banc), which hold that if an evidentiary hearing is necessary to determine a fact pertaining to enhanced punishment (there whether the prior conviction was for *forcible* rape, here whether the prior conviction was for assault on a *minor*), the fact cannot be used in determining the sentence for the defendant's current crime, in effect graft an additional element (!) onto statutes like section 2252(b)(2) that provide for enhanced punishment on the basis of a prior conviction. Other circuits use a similar though somewhat less restrictive approach. See, e.g., *United States v. Franklin*, 235 F.3d 1165, 1169-70 and n. 5 (9th Cir. 2000); *United States v. Damon*, 127 F.3d 139, 147-48 (1st Cir. 1997); *Emile v. INS*, 244 F.3d 183, 185, 187-89 (1st Cir. 2001).

It could be argued that the language "relating to . . . abusive sexual conduct involving a minor" evinces a statutory purpose of rejecting the graft in favor of an interpretation that would catch any sex criminal who in fact had abused a child. This would ice the case against Rezin. But the government does not make the argument, so we set it to one side and assume that the sentencing court is to look first to the charging document (the indictment or information) and to the judgment, read in light of the statute under which the defendant was convicted. The facts established by these documents may not be contradicted by peeking behind them to try to discover what *really*

happened. *United States v. Hicks*, 122 F.3d 12, 12-13 (7th Cir. 1997). But, as these and other cases make clear, if those documents don't either determine or deny some fact that is relevant to enhancement *and* that fact is uncontested or uncontestable and thus does not require an evidentiary hearing to establish, the court can use it in deciding on the defendant's sentence for the current crime. See, e.g., *United States v. Alvarez-Martinez*, 286 F.3d 470, 475-76 (7th Cir. 2002); *Lara-Ruiz v. INS*, 241 F.3d 934, 941 (7th Cir. 2001); *Xiong v. INS*, 173 F.3d 601, 605-07 (7th Cir. 1999). *Galo* does not cite *Shannon* or any of the cases that follow it or explain why Congress might have wanted us to close our eyes to the age of the defendant's victims; it certainly didn't *say* it wanted us to.

One loose end remains to be tied up. We have assumed thus far that the only pigeonhole in which to place Rezin's conviction for third-degree sexual assault is "abusive sexual conduct involving a minor." But actually this is not clear. It could be "sexual abuse" or even, considering the age of the victims, "aggravated sexual abuse." There are two ways to interpret the part of section 2252(b)(2) that reads "the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." One is that it includes offenses denominated by a state as sexual abuse or aggravated sexual abuse, plus other sex offenses if and only if they involve a minor. Another is that as in the *Taylor* case the statute assigns to the courts the task of defining a "generic" offense of sexual abuse or aggravated sexual abuse, that is, a template for determining which state offenses shall be a basis for enhancement ("generic" rather than specific because it would not necessarily track the law of any particular state). The latter, the generic approach, seems more apt here, as in *Taylor*, if only because most states do not use the terminology of sexual abuse, and why

would Congress have wanted to disqualify convictions for serious sex crimes in those states from use in enhancing a sentence? In any event, however the generic-specific issue is resolved, Rezin's prior offense fell into the residual category of abusive sexual conduct involving a minor.

AFFIRMED.

A true Copy:

      Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*