**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel MERAZ–VIRRUETA, Defendant–Appellant.**

No. 02–3046.

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.

Decided April 8, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Manuel Meraz–Virrueta ("Meraz"), a Mexican citizen, pleaded guilty to being present in the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced him to 80 months' imprisonment, three years of supervised release, a $200 fine, and a $100 special assessment. Meraz appeals, but his appellate counsel moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any nonfrivolous issue for appeal. Meraz was notified of his counsel's motion, *see* Cir. R. 51(b), but he has not responded. Therefore, we limit our review to the potential issues identified in counsel's facially adequate *Anders* brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel discusses would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

■ In his brief counsel considers whether Meraz could argue that his guilty plea should be set aside because of noncompliance with Federal Rule of Criminal Procedure 11. But Meraz has given no indication that he wishes to withdraw his guilty plea, and we have held that counsel should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless certain that the defendant wishes the plea set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). In any event we agree with counsel that raising a Rule 11 violation would be frivolous, because the transcript of the plea colloquy confirms that the district court substantially complied with Rule 11.

■ Counsel also questions whether Meraz could challenge the constitutionality of § 1326. Meraz pleaded guilty unconditionally, and the district court accepted the

plea. Because a guilty plea waives all non-jurisdictional defects occurring before the plea, *see Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *St. Pierre v. Walls,* 297 F.3d 617, 635 (7th Cir.2002), we agree that this argument would be frivolous. Moreover, as counsel correctly points out, any challenge to the facial validity of § 1326 or its application here would not rise to the level of plain error. *See United States v. Hernandez–Guerrero,* 147 F.3d 1075, 1076–78 (9th Cir.1998).

■ Counsel also examines whether Meraz could challenge his prison sentence but concludes that any such challenge would be frivolous because in his plea agreement Meraz waived his right to appeal the term imposed. Meraz's plea agreement contains his promise to forego appealing his sentence insofar as it is within the maximums allowed by § 1326, *see United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000), which the term of imprisonment is. A waiver of appeal is valid and enforceable if it is express and unambiguous and if the record demonstrates that it was made knowingly and voluntarily. *United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997). Here, Meraz's plea agreement clearly set forth the wavier, the district court explained that waiver to Meraz during the plea colloquy, and Meraz acknowledged that he understood. Meraz's waiver of appeal was therefore valid, and any attempt to challenge his prison sentence would be frivolous.

■ Finally, counsel notes that Meraz could argue that he received ineffective assistance of counsel. But we will not consider a claim of ineffective assistance in a direct appeal from a sentence where trial and appellate counsel are the same, as a lawyer "can hardly have been expected to accuse himself of ineffective assistance." *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003). Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.