**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mack GARCIA, Defendant–Appellant.**

**No. 02–4197.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 13, 2003.

Decided Feb. 5, 2004.

Debra Riggs Bonamici, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Mack Garcia, Federal Correctional Institution, Milan, MI, for Defendant–Appellant.

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

## ORDER

In August 2002 a jury found Mack Garcia guilty of conspiracy to possess and distribute cocaine powder and crack, 21 U.S.C. § 846, 841(a)(1); two counts of possession with intent to distribute cocaine, *id.* § 841(a)(1), and one count of using a telephone in the commission of a drug trafficking offense, *id.* § 843(b). The district court sentenced him to a total of 262 months' imprisonment, five years' supervised release, and a fine of $3000. Garcia filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those in Garcia's response filed under Circuit Rule 51(b). *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Garcia first proposes to argue that the district court lacked jurisdiction altogether to try him on the trafficking counts because, he says, § 841(a)(1)—and indirectly § 846—are unconstitutional; Garcia believes that the statutes run afoul of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they do not include an explicit requirement that the jury determine drug quantity. We have already rejected this assertion; so long as the jury makes any determination of quantity that triggers an increase in the statutory maximum, due process is satisfied. *United States v. Arocho,* 305 F.3d 627, 637 (2002). Therefore, Garcia's argument would be frivolous.

■ Counsel then considers challenging the district court's decision to bar cross-examination of government witness Raphael Williams about his mental health.

Although we have not yet squarely addressed the propriety of impeachment related to mental health, we generally give district courts wide latitude in setting limits on cross-examination. *United States v. Mojica,* 185 F.3d 780, 788–89 (7th Cir. 1999). Other circuits have held that the right of confrontation may extend to mental health issues depending upon the nature and recency of the alleged mental illness, and whether the witness suffered from the condition at the time of the events about which he will testify. *See United States v. Love,* 329 F.3d 981, 984 (8th Cir.2003). Thus, the proposed issue might not at first blush appear frivolous. We agree with counsel, though, that in the facts of this case it would be frivolous to press the argument because Garcia could not have been prejudiced by the limitation on cross-examination. Even assuming that fuller cross-examination would have caused the jury to completely disregard Williams' testimony, another co-conspirator who testified for the government, Alex Kinsey, provided similar evidence of Garcia's involvement in the drug conspiracy. Further, the government presented over twenty tape-recorded conversations of Garcia discussing drug deals. Therefore, any error necessarily was harmless. *See Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 728–29 (7th Cir.1999).

Garcia adds that trial counsel arguably was deficient because he failed to muster expert testimony on Williams' mental health condition when contesting the government's effort to limit cross-examination. Here, again, the lack of prejudice would seem to answer the contention, but, regardless, we have said that ineffective assistance claims are better saved for collateral review because we have no means of developing the record as would be necessary to examine the reasons underlying trial counsel's choices and tactics. *See United States v. Rezin,* 322 F.3d 443, 445

(7th Cir.2003). A motion under 28 U.S.C. § 2255 is the appropriate vehicle to raise any concern about counsel's performance.

■ Counsel next explores whether Garcia might have viable issues concerning two other evidentiary rulings, but the harmless error doctrine would render both of these frivolous as well. First, counsel questions the evidentiary foundation for a summary chart the government introduced to identify telephone calls Garcia purportedly made or received in conjunction with drug sales. Second, counsel questions the admission of a tape recording of one call where no witness authenticated the voices on the tape. Although we are not convinced that admitting either piece of evidence was error, it is enough to note here that rulings on the admissibility of evidence are discretionary and constitute reversible error only if they affected the outcome of the case. *United States v. Gajo*, 290 F.3d 922, 926 (7th Cir.2002). The challenged tape was only one of many recordings of Garcia discussing drug deals. And the summary chart was just that—it visually displayed all the evidence the government took from Garcia's phone records. It would be frivolous to argue that the admission of either of these items changed the outcome of Garcia's trial.

Counsel further considers challenges to the sufficiency of the evidence against Garcia. We would review the evidence in the light most favorable to the government, *United States v. Taylor*, 226 F.3d 593, 596 (7th Cir.2000), and reverse only if no rational trier of fact could have found the essential elements beyond a reasonable doubt, *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ To convict of conspiracy, the government was required to prove "the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act." *United States v. Sax*, 39

F.3d 1380, 1384 (7th Cir.1994). Here, the government played audio recordings of Garcia and other conspirators discussing the distribution of drugs. The recordings extended over several weeks and showed Garcia to be brokering deals in cooperation with the others. It would thus be frivolous to argue that the jury's verdict was not supported by the evidence.

Similarly, it would be frivolous to argue that Garcia could not be found guilty of distributing a controlled substance. Even assuming that Garcia only brokered transactions and did not handle any drugs, "aiding and abetting" distribution suffices for a finding of guilt. *United States v. Hatchett*, 245 F.3d 625, 631 (7th Cir.2001).

■ Counsel next considers arguing that the district court erred in instructing the jury that the prosecution did not have to prove the precise drug quantity alleged in the indictment to obtain a conviction, but only a "measurable amount." Counsel questions whether this might violate Garcia's due process rights under *Apprendi*, 530 U.S. at 476, 120 S.Ct. 2348. However, the jury in fact found Garcia was responsible for more than five kilos of cocaine and noted this on a special jury form. That finding exposed Garcia to the statutory maximum term of life, 21 U.S.C. § 841(b)(1)(A), so an argument that his 262–month sentence violates *Apprendi* would be frivolous.

Counsel also considers arguing that there was error because the jury found that Garcia was involved with at least five kilograms of cocaine, although the evidence established just under two kilograms. The district court, though, sentenced Garcia on the basis of the lower amount, and errors not affecting a defendant's rights are deemed harmless. Fed. R.Crim. Pro. 52(a); *Lincoln Elec. Co.*, 188 F.3d at 728–29.

Finally, counsel identifies several potential appellate issues regarding Garcia's sentence. Counsel first notes, and we agree, that we are without jurisdiction to review the district court's refusal to grant a downward departure, because such a refusal is reviewable only where it appears the district court did not understand its authority to depart. *United States v. Johnson*, 289 F.3d 1034, 1043 (7th Cir. 2002). And counsel concedes that is not the case here. Counsel also considers a challenge to the district court's finding that Garcia was not a "minor participant" in the conspiracy. We would review this fact-based finding for "clear error." *United States v. Johnson*, 248 F.3d 655, 666 (7th Cir.2001). Because the facts show that Garcia was not a minor player but in fact brokered several sizable drug deals among his co-conspirators, this argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.