**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Romano GINES, Defendant–Appellant.**

**No. 04–1779.**

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.

Decided June 24, 2004.

Robert L. Simpkins, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Romano Gines, Greenville, IL, pro se.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

ORDER

In 1989 Romano Gines was convicted of conspiracy to distribute 50 or more grams of crack, *see* 21 U.S.C. §§ 846, 841(a)(1), and sentenced to 210 months' imprisonment (later reduced to 168 months) to be followed by five years of supervised re-

lease. Gines began serving his term of supervised release in May 2003, but in March 2004 the government filed a petition to revoke it, alleging that Gines had violated numerous conditions of his supervision. The district court held a hearing on the petition, and Gines admitted violating the terms of his supervision by, among other things, engaging in conduct that led to his arrest for public indecency, committing domestic battery, and testing positive for cocaine use. The court then revoked Gines's supervised release and, at the parties' request, sentenced him to 12 months and a day in prison, with no further supervised release. Gines now appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes Gines's appeal is frivolous. Counsel's brief in support of the motion is facially adequate, so we limit our review to the potential issues identified in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam), and in the response Gines filed under Circuit Rule 51(b).

Counsel first considers whether Gines could argue that his admission to violating the terms of his supervision was involuntary or that his revocation hearing was somehow deficient. Relying on *United States v. LeBlanc*, 175 F.3d 511 (7th Cir. 1999) counsel points out that a defendant's waiver of the right to a revocation hearing under Federal Rule of Civil Procedure 32.1 must be knowing and voluntary under the totality of the circumstances, *see LeBlanc*, 175 F.3d at 517. This is true, but irrelevant to Gines, who, unlike the defendant in *LeBlanc, did* receive a Rule 32.1 hearing. *Compare LeBlanc*, 175 F.3d at 513 (during defendant's initial appearance government informed court that no revocation hearing necessary because defendant admitted charges). As counsel points out, Gines had a revocation hearing where he appeared in court with counsel and listened as the district court explained all of the government's accusations and asked him if he admitted them, to which Gines responded, "Yes, sir." Given the district court's explanation of the charges and Gines's admission to them, we agree with counsel that it would be frivolous for Gines to argue that any waiver of his rights under Rule 32.1 (such as the right to present evidence and question adverse witnesses against him, *see* Rule 32.1(C)) was involuntary under the totality of the circumstances. *See LeBlanc*, 175 F.3d at 516–17 (whether Rule 32.1 waiver voluntary depends on totality of circumstances and revocation hearing need not contain procedural protections of Rule 11 hearing); *see also United States v. Correa–Torres*, 326 F.3d 18, 23 (1st Cir.2003) (same); *United States v. Pelensky*, 129 F.3d 63, 68 (2d Cir.1997) (voluntariness colloquy not required before court accepts defendant's admission of supervised release violations).

■ Counsel next considers whether Gines could argue that the district court erred by revoking his supervised release or by imposing a 12–month and one day term of imprisonment. We agree with counsel that the district court correctly determined that the most serious allegation in the government's petition was that Gines illegally possessed a controlled substance, as evidenced by his urinalysis testing positive for cocaine. *See United States v. Trotter*, 270 F.3d 1150, 1154 (positive drug test supports inference of drug possession). In light of Gines's prior drug conviction, he could be imprisoned for up to two years for cocaine possession, *see* 21 U.S.C. § 844, making his current offense a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2) (Grade B violation if conduct constitutes federal offense punishable by more than one year imprisonment); *Trotter*, 270 F.3d at 1155–56 (prior convictions

should be considered when determining grade of violation). As counsel notes, the Sentencing Guidelines instruct the district court to revoke supervised release "[u]pon a finding of a Grade A or B violation," U.S.S.G. § 7B1.3(a)(1), thus, it would be frivolous for Gines to argue that the court should not have revoked his supervised release.

 Likewise, it would be frivolous for Gines to challenge his term of imprisonment, which we would uphold so long as it is not "plainly unreasonable." *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir.2004) (citation and internal quotations omitted). Given Gines's criminal history category of II, the Sentencing Guidelines recommend 6 to 12 months' imprisonment. U.S.S.G. § 7B1.4. However, since Gines's underlying conviction was a class B felony, the district court was authorized by statute to impose up to three years' imprisonment. *See* 18 U.S.C. § 3583(e)(3). Although Gines's sentence exceeded the guidelines range by a day, the range is only advisory, *Salinas*, 365 F.3d at 588, and the sentence is well within the three-year statutory maximum. Moreover, Gines himself requested the sentence (the extra day rendered him eligible for good-time credits while imprisoned), thus he has waived any challenge to it. *See, e.g., United States v. Mantas*, 274 F.3d 1127, 1130–31 (7th Cir. 2001) (sentencing issue waived when defendants "affirmatively agreed" to court's choice of particular guideline).

Finally, Gines proposes arguing that he received ineffective assistance of counsel, but such a claim is better reserved for a collateral proceeding where the record may be fully developed, *see, e.g., Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), especially since Gines has the same counsel on appeal as he did in the district court, *United*

*States v. Rezin*, 322 F.3d 443, 445 (7th Cir.2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.