**Louis HALL, Petitioner–Appellant,**

v.

**Donald HULICK, Respondent–Appellee.**

No. 04–1885.

United States Court of Appeals,
Seventh Circuit.

458

Submitted March 2, 2005.\*

Decided March 2, 2005.

Louis Hall, Galesburg, IL, pro se.

Linda Woloshin, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

An Illinois judge found Louis Hall guilty of possession of less than 10 grams of heroin with the intent to deliver and sentenced him to 10 years' imprisonment. Believing that his trial counsel had been ineffective, Hall appealed, and after exhausting his state remedies filed a petition under 28 U.S.C. § 2254. The district court denied relief and we affirm.

In February 2000 a Chicago police officer observed Hall accepting money from three individuals in exchange for items he retrieved from a plastic bag stashed under a tree a short distance away. The officer heard Hall yelling "rocks and blow." Upon further investigation, the officer found that the plastic bag contained eight foil packets that later tested positive for heroin. The police took Hall into custody and recovered $30 in cash from him.

Hall was tried in a bench trial. Two Chicago police officers testified to the facts set out above, and Hall's counsel cross-examined one of the officers, forcing her to admit that the reports she prepared did not mention Hall yelling "rocks and blow." Hall's counsel also moved for a finding of not guilty, which was denied, and offered a six-sentence closing argument suggesting that the state had failed to meet its burden of proof. The court found Hall guilty.

At sentencing both Hall and his public defender presented motions for a new trial. Hall's motion asserted that the public defender had been assigned to him on the day of the trial and had "absolutely no previous knowledge whatsoever" of the case. The public defender's motion challenged the sufficiency of the evidence. The trial court considered only the counseled motion on the merits, however, asserting that Hall did not "have a right to be represented both by counsel and represent [him]self." The court concluded that

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the evidence was sufficient to support Hall's conviction and denied him a new trial.

On appeal, Hall argued that his pro se motion for a new trial had raised a claim of ineffective assistance, and that the trial court had erred by failing to "at least examine the factual matters underlying" this claim. Hall also argued that his trial counsel had had "no strategy at all," and that counsel should have moved to quash his arrest because it was based on "the inherent improbability that Hall would announce to the world . . . that he was selling narcotics." The Illinois appellate court, however, affirmed Hall's conviction and the Illinois Supreme Court denied his petition for review.

Hall then filed a § 2254 petition reiterating his ineffective assistance arguments. The district court denied the petition. First, the court noted that Hall had failed to substantiate his claim that trial counsel had been unprepared "in any fashion aside from his conclusory statements." Regardless, the court concluded, counsel's conduct had been reasonable, and indeed counsel knew enough about the case to impeach one of the police officers with that officer's own report. As to counsel's failure to file a motion to suppress, the district court concluded that Hall had not shown a reasonable probability that the motion would have succeeded, and moreover the state appellate court found that probable cause existed for Hall's arrest.

On appeal, Hall argues that the district court erred when it concluded that his trial counsel's representation was reasonable. Hall argues that counsel's performance was in fact deficient in two major respects. First, he claims that counsel should have moved to quash Hall's arrest because "contradicting statements" by the arresting officers cast doubt on the existence of probable cause. He also claims that counsel should have moved to dismiss the indictment because there was "no evidence" to support a charge of possession of heroin with the intent to deliver.

In order to establish ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a "strong presumption" that counsel's conduct was reasonable; a defendant must point to specific acts or omissions of counsel that demonstrate otherwise. *Id.* at 689, 104 S.Ct. 2052; *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir.2003). Prejudice is defined as a reasonable probability that, without the errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

The district court correctly concluded that trial counsel's conduct in this case was reasonable. Hall faults his attorney for not arguing that the police lacked probable cause to arrest, but the record demonstrates that this argument would have been frivolous. Chicago police heard Hall yelling "rocks and blow," common slang terms for narcotics, and accepting cash from three different individuals. An experienced officer's firsthand observations of an apparent drug transaction are sufficient to establish probable cause. *See United States v. Funches*, 327 F.3d 582, 586–87 (7th Cir.2003). Counsel's decision not to frivolously argue otherwise was not unreasonable. *See United States v. Rezin*, 322 F.3d 443, 446 (7th Cir.2003).

Hall also argues that counsel should have moved to dismiss the indictment because there was insufficient evidence to convict him. He did not raise this ground in the district court, however, and it is accordingly waived. *See Martin v. Evans*,

384 F.3d 848, 853 (7th Cir.2004). Regardless, we note that counsel did in fact challenge the sufficiency of the evidence through motions he filed for a directed verdict and for a new trial. The trial court was correct to conclude that the evidence in the record amply supports Hall's conviction.

Accordingly, we AFFIRM the judgment of the district court.