> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 15, 2006[*]
Decided November 16, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2448

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05 CR 130 |
| STEVEN B. BINNING, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Steven Binning and a codefendant were charged with destroying mail, 18 U.S.C. § 1703.  The codefendant pleaded guilty, but Binning proceeded to trial. Binning attempted to elicit testimonial evidence from a codefendant that the codefendant did not know that he was breaking the law, but the judge ruled that such evidence was irrelevant to the charge against Binning.  The government

---

[*]    After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

presented video and testimonial evidence demonstrating that the codefendant opened a package stolen by Binning.

After hearing the evidence, the jury convicted Binning of destroying mail. At sentencing, neither Binning nor the government objected to an advisory guidelines range of zero to six months, and the district court sentenced him to two years' probation. Binning filed a notice of appeal, but his appointed counsel now moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *Anders v. California*, 386 U.S. 738 (1967). Binning did not answer our invitation under Circuit Rule 51(b) to respond to counsel's motion, so we limit our review to the arguments raised in counsel's brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Binning could argue that counsel was ineffective. But counsel correctly concludes that this claim is better presented on collateral attack where the record can be better established. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel next considers whether Binning could argue that the district court erred in ruling that the codefendant's knowledge of his illegal conduct was irrelevant to the charge against Binning. Counsel seems to believe that if Binning could establish that the codefendant did not know he was breaking the law, then Binning could not be convicted for any conduct performed by the codefendant. But counsel is incorrect. Under § 1703, a defendant need only act voluntarily; he need not be aware that his conduct is, in fact, illegal. *See United States v. Graham*, 431 F.3d 585, 590 (7th Cir. 2005); *United States v. Brownlee*, 937 F.2d 1248, 1253 (7th Cir.1991). The district court was correct that the codefendant's knowledge of the law was irrelevant, and it would be frivolous to argue otherwise.

Finally, counsel considers generally whether Binning could challenge the sufficiency of the evidence. To successfully challenge the sufficiency of the evidence the defendant must show that no rational trier of fact would convict the defendant based on the evidence presented. *United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). Here, the government presented overwhelming evidence of Binning's guilt: a videotape of Binning stealing the package, the codefendant's confession that he opened the package, and an investigator's testimony that Binning himself admitted stealing the package. It would be frivolous to argue that no rational trier of fact would convict Binning based on this evidence.

Accordingly, counsel's motion to withdraw is GRANTED, and Binning's appeal is DISMISSED.