NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 7, 2008
Decided July 7, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-4027

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06CR30117-002-GPM |
| | |
| CLARENCE THOMAS | G. Patrick Murphy, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

In the summer of 2006 two men covered their faces with nylon stockings and, at gunpoint, stole about $27,000 from the Granite City Steel Federal Credit Union in Granite City, Illinois. Granite City authorities could not find the men until they got a lead eleven days later when police in nearby Alton, Illinois, arrested Bonnie Brown after a similar robbery of a credit union. Brown admitted being a driver for both robberies and identified Montez Fuller, her former boyfriend, and Clarence Thomas, Fuller's uncle, as the men who robbed the credit union in Granite City. Thomas and Fuller were tried separately, and both were convicted of armed bank robbery. *See* 18 U.S.C. § 2113(a), (d). Thomas filed a notice of appeal, but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. Thomas

accepted our invitation to respond to his lawyer's submission. *See* C IR . R. 51(b). Limiting our review to the potential issues identified in counsel's supporting brief and Thomas's submission, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In his *Anders* submission counsel first considers challenging the sufficiency of the evidence. But in evaluating a sufficiency claim, we would view the evidence in the light most favorable to the prosecution and affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Sachsenmaier*, 491 F.3d 680, 683 (7th Cir. 2007). As we have said, this "highly deferential standard is nearly insurmountable." *United States v. Mendoza,* 510 F.3d 749, 752 (7th Cir. 2007) (internal quotation marks and citations omitted).

The strongest evidence against Thomas came from Bonnie Brown, who testified that she drove Thomas and Fuller to a McDonald's near the credit union and then waited for them in a nearby alley. Although the two men did not reveal their planned heist to Brown in advance, she testified that "they were running with money" when they returned to the car. Brown then drove Thomas and Fuller to a hotel where she saw them counting "a lot" of money that, they said, came from robbing a credit union. Other strong evidence came from the testimony of Ron Lott, who had shared a cell with Thomas in pretrial detention. He testified that Thomas confessed to committing the robbery with Fuller. Finally, two credit union customers and one employee identified Thomas as one of the robbers, specifically the one with the gun.

At trial Thomas attacked the credibility of all the government's witnesses. Brown, who was charged in the robbery as well, stood to gain a lighter sentence by testifying against Thomas. Lott, who was already serving 188 months for an unrelated crime, hoped to have his sentence reduced by helping the government. And both witnesses gave testimony at trial that was not entirely consistent with their earlier statements. Thomas's counsel seized the opportunity to highlight those inconsistencies and suggested to the jury that the prospect of reduced sentences had motivated Brown and Lott to lie. Neither witness, however, was so unbelievable that we would deem their testimony not credible as a matter of law, and therefore, we would not disturb the jury's decision to believe them. *See United States v. Griffin,* 493 F.3d 856, 863 (7th Cir. 2007) ("credibility is for a jury to decide"); *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir.2005) ("[I]t is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."). The same goes for the three eyewitnesses who identified Brown at trial. Their testimony was not physically impossible, and, therefore, the jury was entitled to credit their in-court identifications. *See United States v. Bailey*, 510 F.3d 726, 733-34 (7th Cir.

2007). It is true that the eyewitnesses were unable to give much of a description of the robbers immediately after the robbery and that their testimony conflicted with that of other eyewitnesses who testified that they could not identify the robbers because their faces were covered, but we leave to the jury the task of assigning weight to conflicting identification testimony. *See Gregory-Bey v. Hanks*, 332 F.3d 1036, 1048-49 (7th Cir. 2003). Thus, because the jury was entitled to believe the testimony of the five witnesses who implicated Thomas in the robbery, a challenge to the sufficiency of the evidence would be frivolous.

The second potential issue identified by counsel is a challenge to the admission of evidence showing that Fuller, Thomas's partner-in-crime, paid $5,000 in cash for a car on the day of the robbery. At trial, Thomas's counsel objected on relevancy grounds, *see* FED. R. EVID. 402, but the objection was overruled. Any challenge to the evidence on appeal would be frivolous because the evidence was relevant to corroborating the testimony of Brown and Lott. Brown, who had identified Thomas and Fuller as the robbers, described accompanying Fuller to the used car lot where he bought the car, and Lott testified that Thomas complained about Fuller imprudently using his share of the money to buy a car. Because Thomas attempted to impeach Lott and Brown, evidence that could bolster their testimony was surely relevant and, therefore, any argument that the district court abused its discretion in admitting that evidence, *see United States v. Van Allen*, 524 F.3d 814, 825 (7th Cir. 2008), would be frivolous.

In his own submission, Thomas contends that trial counsel (who also represents him on appeal) provided ineffective assistance because, Thomas believes, counsel failed to offer certain pieces of evidence or object to the testimony of one of the eyewitnesses. But any such claim would be better pursued on collateral attack because it relies on matters not in the record, *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005), and because Thomas is still represented by trial counsel, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.