NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014
Decided July 24, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3364

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> RICHARD LEE HARRELL, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:12cr45-001 <br><br> Robert L. Miller, Jr., <br> *Judge*. |

**O R D E R**

Richard Harrell was convicted after a jury trial of possessing child pornography, 18 U.S.C. § 2252(a)(4)(B), and sentenced to a 120-month statutory-maximum term of imprisonment, *id.* § 2252(b)(2). He filed a notice of appeal, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve, and Harrell has answered our invitation to respond. *See* CIR. R. 51(b). Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus any

additional issues that Harrell, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

At trial the government introduced evidence about how police found child pornography in Harrell's home. Officers tracked an internet protocol address associated with downloading child pornography to a home in Warsaw, Indiana, where Harrell, his then-wife, and three other adults lived. Child-pornography videos were stored on a computer in the living room, and a forensic examination revealed that more illicit videos had been deleted or incompletely downloaded over a period of months, typically in the early morning hours. Harrell's ex-wife testified that he was often the only person up at that time of the day. Police interviewed Harrell in his home (a videorecording of the interview was played for the jury), and Harrell confessed to downloading and viewing the child pornography and confirmed that he usually did so in the early morning.

Harrell changed his story when he testified at trial, however. On direct examination he denied downloading child pornography and suggested that another member of the household must have been responsible. He testified that he lied to the police in the interview because he wanted to be able to go home to his family.

Counsel first considers challenging the sufficiency of the evidence but rightly concludes that such a challenge would be frivolous. We would affirm the judgment so long as any rational jury could have found him guilty beyond a reasonable doubt, *United States v. Eads*, 729 F.3d 769, 779 (7th Cir. 2013); *United States v. Sanchez*, 251 F.3d 598, 601 (7th Cir. 2001), and here ample evidence supported Harrell's possession conviction: the child pornography found on the computer in Harrell's home, his videorecorded confession, the results of the forensic examination, and his ex-wife's corroboration that pornography was accessed in the early morning. *See United States v. Angle*, 234 F.3d 326, 339–40 (7th Cir. 2000) (diskettes containing child pornography found in defendant's home); *United States v. Blank*, 701 F.3d 1084, 1091–92 (5th Cir. 2012) (confession to possessing child pornography); *United States v. Muhlenbruch*, 634 F.3d 987, 1000–01 (8th Cir. 2011) (forensic examination corroborated defendant's confession about timing that he downloaded child pornography).

Counsel next weighs challenging the reasonableness of Harrell's sentence but correctly concludes such a challenge would be frivolous. The district court appropriately evaluated the factors listed in 18 U.S.C. § 3553(a), including Harrell's

history and characteristics (he had no history of violence, graduated from high school, volunteered as a firefighter, and although divorced, has two young children, one of whom is disabled), the nature and circumstances of the offense (he downloaded between eighteen and sixty-five child-pornography videos), and the seriousness of the crime (victims depicted in child pornography have "their lives . . . demolished").

Counsel last considers whether Harrell could challenge the quality of his representation in the district court but properly acknowledges that challenging his own performance would be inappropriate. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). In any event, as counsel recognizes, a claim of ineffective assistance is best pursued in a collateral attack, through which a record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Stokes*, 726 F.3d 880, 897–98 (7th Cir. 2013).

Harrell proposes arguing that the police prompted an involuntary confession when they exploited his depression and concern for his family by saying, "Tell us what we need to know so you can get back to your family." Although a suspect's mental condition may be relevant to his susceptibility to police coercion, coercive police activity is a necessary predicate to a finding that a confession is not voluntary within the meaning of the Due Process Clause. *See Colorado v. Connelly*, 479 U.S. 157, 164–65 (1986); *United States v. Stadfield*, 689 F.3d 705, 709–10 (7th Cir. 2012). Because the police here made no improper threat, false promise of leniency, subterfuge, or deception that would amount to coercion, *see Stadfeld*, 689 F.3d at 710, any challenge to the admissibility of Harrell's confession would be frivolous.

Harrell also argues that the sentencing guidelines are "severe and out of date," but this generalized argument about the validity of the guidelines is properly addressed to the Sentencing Commission or Congress. *United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011); *see also United States v. Aguilar-Huerta*, 576 F.3d 365, 367–68 (7th Cir. 2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.