**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016
Decided April 7, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2384

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:13-cr-40066-002 |
| JORGE RIVAS-HERRERA, *Defendant-Appellant*. | Sara Darrow, *Judge*. |

**O R D E R**

Jorge Rivas-Herrera was found guilty by a jury of conspiracy to possess and distribute, and possession with intent to distribute, cocaine and marijuana. See 21 U.S.C. §§ 846, 841(a). The district court sentenced him to 60 months' imprisonment, the statutory minimum, because the jury found that both counts involved at least 500 grams of cocaine. See *id*. § 841(b)(1)(B). Rivas-Herrera filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Rivas-Herrera opposes counsel's motion and seeks a new trial. See CIR. R. 51(b). Counsel's supporting brief explains the nature of the case and discusses points that could be expected to arise on appeal, and because his analysis appears to be thorough, we limit our review to the subjects he discusses and Rivas-Herrera's opposing

arguments. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by considering whether Rivas-Herrera could challenge the sufficiency of the evidence supporting his convictions. Rivas-Herrera contends in his Rule 51(b) response that most of the evidence against him was circumstantial. But counsel concludes, and we agree, that Rivas-Herrera could not plausibly contend that the evidence, viewed in the light most favorable to the government, was insufficient for a rational jury to find him guilty. See *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Cooper,* 767 F.3d 721, 727 (7th Cir. 2014).

A special agent for the government testified at trial that he organized a controlled buy of drugs from Rivas-Herrera through a drug dealer-turned-informant. The informant testified that Rivas-Herrera offered to supply him with several kilograms of cocaine during a meeting in Chicago arranged by a middleman (Rivas-Herrera's codefendant). The government introduced recordings of phone calls and text messages between the informant, the middleman, and Rivas-Herrera arranging a delivery of cocaine to the informant at his home in Moline, Illinois. The man hired to drive Rivas-Herrera and the middleman to Moline testified that he and the defendant packed the drugs into a secret compartment in his car. The driver's girlfriend, who was a passenger in the car, also testified that the packages belonged to Rivas-Herrera. Investigators stopped the car at the designated meeting location in Moline and seized Rivas-Herrera, the middleman, and the drugs. A government agent testified that Rivas-Herrera immediately confessed that his fingerprints would be found on the packages of drugs. And, in fact, an expert in latent fingerprint identification testified that Rivas-Herrera's fingerprints coated the outer and inner packaging of the drugs, which tested positive for cocaine and marijuana. This evidence is more than enough to support the verdicts.

Counsel next questions whether Rivas-Herrera could challenge the reasonableness of his concurrent, 60-month prison terms. But that was the statutory minimum based upon the jury's findings that Rivas-Herrera's drug crimes involved at least 500 grams of a mixture containing cocaine. See 21 U.S.C. § 841(b)(1)(B). Absent a government motion under 18 U.S.C. § 3553(e), the district court lacked authority to impose on either count a term of imprisonment lower than the statutory minimum. See *Dorsey v. United States,* 132 S. Ct. 2321, 2327 (2012). Any argument that 60 months is too long would be frivolous.

Finally, Rivas-Herrera tells us in his Rule 51(b) response that he is dissatisfied with his lawyer's performance at trial, and he asks for a new trial with new counsel. But Rivas-Herrera has not identified any deficiency in his lawyer's performance, a failure that by itself would make a claim of ineffective assistance frivolous. See *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). In addition, we have emphasized repeatedly that claims of ineffective assistance are best reserved for collateral review because the record is rarely developed sufficiently on direct appeal to substantiate the claim. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014). That appellate counsel also represented Rivas-Herrera at trial provides another reason to reserve any claim of ineffective assistance for collateral review. See *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). We agree with Rivas-Herrera's lawyer that this appeal is frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.