UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2006
Decided May 25, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4692

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-089-S-01 |
| LARRY L. HORTON, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Larry Horton pleaded guilty to possessing crack cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and the district court sentenced him to 300 months' imprisonment. At sentencing Horton withdrew his objection to the characterization of the cocaine as "crack," and he did not raise any other objection to the probation officer's presentence report. Horton agreed with the court's calculation of a total offense level of 35 and a criminal history category of VI, corresponding to a guidelines imprisonment range of 292 to 365 months. Horton filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he was unable to discern a nonfrivolous issue to pursue. Counsel's *Anders* brief is facially adequate, and Horton has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus we limit our review to those potential issues identified

in counsel's brief and Horton's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Initially counsel considered whether Horton might argue that his guilty plea should be set aside as involuntary on the ground that the district court failed to follow the requirements of Federal Rule of Criminal Procedure 11. Counsel explained that the court failed to inform Horton that it could order restitution (even though it did not) and that his statements under oath could, if false, become the basis for a charge of perjury. But in his Rule 51(b) response, Horton stated that he never expressed an interest in having his guilty plea set aside. Thus, we need not explore the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next considered whether Horton could challenge the reasonableness of his 300-month sentence. Horton did not challenge the guidelines calculations at sentencing and, pursuant to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the district court treated the sentencing guidelines as advisory. The court considered the factors identified in 18 U.S.C. § 3553(a), and imposed a sentence near the bottom of the guidelines range. That term is presumptively reasonable, *see, e.g., United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel has been unable to construct any argument to undermine the presumption. Horton suggested that application of career offender guideline, *see* U.S.S.G. § 4B1.1, created an unwarranted disparity and thus the court should have reduced his sentence. But his increased offense level was authorized under the guidelines, *see United States v. Gilliam*, 255 F.3d 428, 435 (7th Cir. 2001), and accordingly we agree with counsel that it would be frivolous to argue on this record that Horton's sentence is unreasonable. *See United States v. Bryant*, 420 F.3d 652, 658 (7th Cir. 2005); *Mykytiuk*, 415 F.3d at 608.

Horton also suggested three other potential bases for appeal: (1) whether counsel was ineffective for failing to pursue the argument that his sentence was unwarranted given the sentencing distinction between crack and other forms of cocaine; (2) whether Judge Shabaz displayed bias when he commented, "I won't be around the next time you do come back"; and (3) whether we should revisit *United States v. Burrell*, 963 F.2d 976, 992-93 (7th Cir. 1992), and hold that convictions obtained without an indictment cannot serve as the basis for enhancement under 21 U.S.C. §§ 841(b)(1), 851. His proposed arguments are frivolous. We have often observed that counsel's alleged ineffectiveness is an issue that should be left for consideration on collateral review, particularly when, as here, counsel represented the appellant in the district court. *See, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Judge Shabaz's comment did not demonstrate bias; it was merely an observation that he in all probability would no longer be serving on the

bench if Horton again found himself in jeopardy after serving his 300-month sentence. And, Horton offered us no reason to reconsider our long-standing holding in *Burrell*.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.