**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 23, 2006
Decided August 23, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3650

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 04-CR-930-1 |
| HARVEY TURNER, *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

Harvey Turner pleaded guilty without a plea agreement to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). At sentencing the district court concluded—with Turner's full agreement—that Turner is a career offender under U.S.S.G. § 4B1.1 and that, accordingly, he faced a guidelines imprisonment range of 292 to 365 months. The court sentenced Turner to a total of 292 months. Turner filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and

Turner has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus we limit our review to those potential issues identified in counsel's brief and Turner's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Turner might argue that Anthony Schulman, the second in a series of three lawyers appointed to represent Turner in the district court, induced his guilty pleas through deficient performance. Shortly after pleading guilty Turner submitted a *pro se* motion asking that he be permitted to withdraw his guilty pleas and that Schulman be discharged; the district court replaced Schulman with new counsel but denied without prejudice Turner's motion to withdraw his pleas. The new lawyer—who continues to represent Turner here—ultimately concluded that Turner lacked good grounds to withdraw his guilty pleas and thus never renewed Turner's motion. Turner, therefore, effectively ratified his guilty pleas by passing over the opportunity to challenge them with the assistance of counsel other than Schulman, and so a claim that Schulman's inadequate performance was the reason for the pleas would likely be frivolous. *See Doe v. United States*, 51 F.3d 693, 700-01 (7th Cir. 1995) (holding that defendant reaffirms guilty plea by retracting motion to withdraw plea); *United States v. Darling*, 766 F.2d 1095, 1101 (7th Cir. 1985). Moreover, as we have instructed, it is usually better to bring a claim of ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 where the record can be further developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel next considers whether Turner could argue that 292 months in prison is an unreasonable sentence because the application of the career-offender guideline to his particular case overstates the seriousness of his prior convictions. At sentencing Turner did not dispute that his guidelines range was 292 to 365 months, but he argued that a prison sentence within the range would overstate his criminal history because "he had, essentially, a street-level-type hustler role." After noting the advisory nature of the guidelines, *see United States v. Booker*, 543 U.S. 220 (2005), the district court considered the factors identified in 18 U.S.C. § 3553(a). The court specifically explained that criminal history is a factor to be weighed under § 3553(a), and that Turner has "quite the criminal history with violent acts dating back to the age of 17" that have included "batteries and sale of drugs and handguns." The court concluded that the guidelines range was appropriate, and imposed a term at the lowest point within that range. The term is presumptively reasonable, *see United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel has been unable to construct any argument to undermine that presumption. We therefore agree with counsel that it would be frivolous to argue that Turner's overall prison sentence is unreasonable.

In his Rule 51(b) response Turner suggests one other possible avenue for appeal not already discussed by counsel: that his guilty pleas were involuntary apart from attorney Schulman's performance. Turner does not contend that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure, and it is clear from the record that the court did so. Turner's only contention is that he was "confused" during his plea colloquy; as evidence of his confusion he directs our attention to a point in the transcript where the court asked him the ages of his five children and he responded: "I'm confused right now. I don't know. 11, 5, 5, 4, 6." But this is the only point during the entire plea colloquy where Turner voiced confusion, and his effort to equate confusion about his children's ages with confusion about the charges or his guilty pleas is plainly frivolous.

For the above reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.