**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2006
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-4101

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 02-CR-30092-001 |
| JAMES L. MILLER, *Defendant-Appellant.* | Richard Mills, *Judge.* |

**ORDER**

James L. Miller pleaded guilty to one count of manufacturing methamphetamine. *See* 21 U.S.C. § 841(1)(a). The parties stipulated in their plea agreement that the top end of the guideline imprisonment range would be 105 months based on a projected total offense level of 23 and a criminal history category of V. That agreement also includes an appeal waiver, although the waiver is limited and expressly allows Miller to base an appeal on "any finding that his sentencing guideline range is higher than as stipulated." As it turned out the district court did reject the stipulation after the probation officer discovered a conviction for aggravated battery that was unknown to Miller's counsel and the government; this conviction made Miller a career offender, which in turn increased his total offense level to 29 and his criminal history category to VI. *See* U.S.S.G.

§ 4B1.1.  As a result the court calculated a guideline range of 151 to 188 months, though it imposed a term of just 135 months after the government moved for a below-range sentence to reflect Miller's substantial assistance.  *See* U.S.S.G. § 5K1.1.  The court also imposed three years of supervised release and a $100 special assessment.  Miller appealed.

Miller was sentenced in 2003.  In July 2004, just two days before we decided *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005), Miller's appointed counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he could not discern a nonfrivolous issue for appeal.  We held counsel's motion in abeyance until after the Supreme Court issued its *Booker* decision and then directed counsel to address the impact of that case on his *Anders* submission.  Counsel responded by withdrawing the motion and filing a merits brief arguing for a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir.), *cert. denied*, 126 S. Ct. 106 (2005).  At this point the government filed a motion to dismiss arguing that the appeal waiver in Miller's plea agreement precluded him from raising a *Booker* challenge.  Counsel answered that the government was correct, and that Miller's appeal should be dismissed, but Miller would not consent to a voluntary dismissal.  We then ordered Miller's counsel to supplement his response with the equivalent of an *Anders* brief, *see United States v. Mason*, 343 F.3d 893 (7th Cir. 2003), which is now before us.  We invited Miller to respond per Circuit Rule 51(b), but he has not done so.

Since counsel's most recent submission is facially adequate, we review only those potential issues he identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).  Counsel first considers whether Miller could challenge the appeal waiver.  Miller, though, has never said that he wants his guilty plea set aside, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), so it follows that he is bound by his appeal waiver, *see United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (appeal waiver "stands or falls" with the plea); *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995).

And since the waiver is binding, counsel correctly asserts that a *Booker* challenge to Miller's sentence would be frivolous.  An appeal waiver is enforceable against a *Booker* challenge even if the waiver was executed before *Booker* was decided unless the waiver incorporates an exception allowing for arguments based on future changes in the law.  *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir.), *cert. denied*, 126 S. Ct. 320 (2005).  Miller's waiver has no such exception.

Counsel next considers whether Miller could challenge the application of the career-offender guideline.  The appeal waiver would not preclude this potential argument since the waiver has an explicit exception allowing Miller to contest a

determination that his guideline range was higher than that stipulated in the plea agreement. But an argument about § 4B1.1 would still be frivolous. Miller had two felony convictions for aggravated battery, which is a crime of violence, *see United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998), and his current conviction is for a controlled substance offense, *see* U.S.S.G § 4B1.1(a). Since the default statutory maximum for manufacturing any amount of methamphetamine is 20 years, *see* 21 U.S.C. § 841(b)(1)(C); *United States v. Bequette*, 309 F.3d 448, 450 n.1 (7th Cir. 2002), Miller's base offense level was 32 (which the district court reduced to 29 after giving him a three-level reduction for acceptance of responsibility), and his criminal history category was VI, *see* U.S.S.G § 4.B1.1(b). The district court's range of 151 to 188 months was thus correct. U.S.S.G. Ch. 5, Pt. A.

Finally counsel considers whether Miller could argue that his decision to plead guilty was the result of ineffective assistance of counsel. We have frequently said that a claim of ineffective assistance ordinarily should be raised in a collateral proceeding under 28 U.S.C. § 2255 rather than on direct appeal. *See, e.g.,United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). This case is no different since the possible deficiencies, e.g., abandonment of Miller's motion to suppress, could not be established without further record development. Miller's plea agreement also includes a waiver of postconviction remedies that may prove an obstacle, however, if he attempts to take this route.

For the foregoing reasons we GRANT counsel's motion and DISMISS the appeal.