NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 8, 2007
Decided March 14, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3491

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>SHAUN COLLINS,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 06-CR-074-S-01<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Shaun Collins pleaded guilty in a written agreement to distributing methamphetamine. *See* 21 U.S.C. § 841(a)(1). The presentence investigation report, to which Collins did not object, ultimately concluded that his relevant conduct involved 138.13 grams of methamphetamine based on both the amount involved in the charged transaction and amounts from prior and subsequent drug deals he committed between January 2003 and the summer of 2005. The district court accepted this finding and accordingly determined that Collins's guidelines imprisonment range was 46 to 57 months. The court then sentenced Collins to 52 months in prison and three years of supervised release.

Collins appealed his sentence, but his appointed lawyer now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous argument for appeal. We invited Collins to respond, *see* Cir. Rule 51(b), and he has done so. Because counsel's brief is facially adequate, we will consider only those potential issues mentioned in the brief and Collins's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Collins could challenge his guilty plea on the ground that it was not taken in compliance with Federal Rule of Criminal Procedure 11. But counsel does not say that Collins wants his plea set aside, and Collins's response is ambiguous on this issue. We have held that counsel generally should not raise a Rule 11 argument on appeal or even explore the question via an Anders submission, unless the defendant wants his plea set aside. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). In any case we have reviewed the transcript and conclude that the district court substantially complied with Rule 11, *see United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002), so any potential argument about the voluntariness of Collins's plea would be frivolous.

Counsel next considers whether Collins could challenge his sentence either because it is contrary to *United States v. Booker*, 543 U.S. 220 (2005), or because it is unreasonable. We agree that both of these potential challenges would be frivolous. The district court expressly stated at sentencing that it was treating the guidelines as advisory, and a sentence within the guidelines range such as Collins received is presumed reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005). Even if we did not apply the presumption, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), any challenge to the reasonableness of Collins's sentence would still be frivolous. The district court considered the factors under 18 U.S.C. § 3553(a), and determined that a 52-month sentence was appropriate given the several drug deals Collins had engaged in between 2003 and 2005 and his history of substance and alcohol abuse.

Collins identifies a few other potential issues in his response. He suggests that he could challenge the district court's decision to include as relevant conduct 138.13 grams of methamphetamine, considerably more than he was convicted of distributing. But the plea agreement that Collins signed stated that "[t]he United States and the defendant also agree to jointly recommend to the probation office and the sentencing judge, based on the presently available evidence, that the Court, when computing the advisory guidelines, should find that the defendant's total relevant conduct involved at least 50 grams but less than 200 grams of methamphetamine." Therefore, he waived this argument because he admitted in his plea agreement that he should be held responsible for at least 50 but less than 200 grams of methamphetamine. *See United States v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005); *United States v. Newman*, 148 F.3d 871, 877–78 (7th Cir. 1998). He also

suggests that he could challenge his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but any such challenge would be frivolous because Collins's sentence does not exceed the 20-year statutory maximum for distributing any amount of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(c)*; United States v. Bequette*, 309 F.3d 448, 450 n.1 (7th Cir. 2002). Finally he considers whether he could argue that he received ineffective assistance of counsel when negotiating his plea agreement because the agreement leaves open the particular sentence he will receive. But his plea agreement did not bind the court to impose a particular sentence. *See* Fed. R. Crim. P. 11(c)(1)(B); *United States v. Mankiewicz*, 122 F.3d 399, 403 n.1 (7th Cir. 1997) (construing U.S.S.G. § 6B1.4(d)). In any case, potential arguments concerning ineffective assistance of counsel are better raised in collateral proceedings under 28 U.S.C. § 2255 where the record can be further developed. *See, e.g.*, *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

For the above reasons, we GRANT counsel's motion and DISMISS the appeal.