IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 05-40720

———————

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RANDALL THOMAS CLARK; STEVE MARTIN

Defendants-Appellants

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-103

———————

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Randall Thomas Clark and Steve Martin claim a number of errors related to their convictions and sentences for conspiring to distribute and possess with intent to distribute methamphetamine. In particular, Martin alleges a violation of the Speedy Trial Act, challenges the sufficiency of the evidence for his conviction, urges that the trial court abused its discretion in failing to give a requested jury instruction, and faults the district court's sentence. Clark asserts that the trial court's jury instructions were improper, and claims prejudice from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegedly incorrect applications of the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) (2003). Finding no error, we affirm.

## I. BACKGROUND

Clark, Martin, and seven co-defendants were indicted by a federal grand jury with conspiring to distribute and possess with intent to distribute over 500 grams of a mixture containing methamphetamine from approximately 1997 until 2004. Martin was also charged with being a felon in possession of a firearm. At trial, the government presented testimony from law enforcement officers and cooperating defendants alleging a criminal organization through which co-conspirator Sergio Solis imported large amounts of methamphetamine from Mexico, and distributed the narcotic to individuals including Clark and co-defendant Michael Holland.

Solis testified that he provided Clark half-pound amounts of methamphetamine every week for three or four months, and witnessed Holland sell Clark four-ounce quantities of methamphetamine on at least ten occasions.[1] Solis also claimed that Clark participated in the transportation of six pounds of methamphetamine from Mexico in 2002, and stored one to four pounds of methamphetamine five or six times. In all, the government urged that Clark was responsible for no less than 14,052.8 grams of a mixture including methamphetamine.

Holland testified that he supplied one-quarter pound amounts of methamphetamine to Martin on a weekly basis for eighteen months from the summer of 2001 through early 2003. Martin was claimed by conspirator Tom White to be involved in meetings with other conspirators to advance the methamphetamine distribution operation.

---

[1] Testimony at trial indicated that one to two ounces would be "dealer quantities."

Officers searched Martin's residence twice during the alleged conspiracy. On May 1, 1998, they recovered forty-two grams of methamphetamine, containers of a methamphetamine cutting agent, a scale, and multiple firearms from his home. On June 29, 2004, the searching officers found drug paraphernalia, a small amount of methamphetamine, two sets of scales, two shotguns, several hundred rounds of ammunition for a handgun, forty to fifty plastic baggies, $5,795 in cash, and a partial recipe for manufacturing methamphetamine. The government argued that Martin was responsible for no less than 7,392 grams of a mixture of methamphetamine, an amount that resulted from an incorrect calculation of half of the weekly purchase of one-quarter pound amounts of methamphetamine for eighteen months. Martin's counsel raised the prosecutor's mathematical error during his closing argument.

The trial court instructed the jurors about the elements necessary to prove a drug trafficking conspiracy, largely adopting the language of Fifth Circuit Pattern Jury Charge 2.89. However, the court denied Martin's request for a "buyer-seller" instruction, which would have indicated that a defendant cannot be convicted of conspiracy based solely on evidence of being a buyer or seller of narcotics. The court submitted a special verdict form, asking the jury to "determine the quantity of methamphetamine or a mixture or substance containing a detectable amount of methamphetamine, if any, attributable to each defendant." The jury found Clark, Martin, and another co-defendant guilty of the narcotics conspiracy, and convicted Martin of being a felon in possession of a firearm. Clark was held responsible for 14,052.8 grams of a mixture or substance containing a detectable amount of methamphetamine; 6,224.4 grams was attributed to Martin; and their co-defendant was deemed responsible for 597.9 grams.

At Clark's and Martin's sentencings, the trial court adopted the findings of fact contained in the Presentence Investigation Reports, which included as

relevant conduct the methamphetamine amounts determined by the trial jury. Overruling Clark's objection, the court explained:

> Of course, one of your objections is about the quantity of the drugs. The jury heard all of that evidence and the jury made a finding about the quantity of drugs that this Defendant was responsible for and I cannot fault the jury's finding in that regard. I think the evidence supported it.

Based on the drug quantity, the district court calculated a Guidelines sentencing range of 292 to 365 months imprisonment for Clark. However, the court imposed a below-Guidelines sentence of 236 months imprisonment, explaining that it was reasonable considering "all of the factors" of 18 U.S.C. § 3553(a), particularly Clark's age and the small likelihood of recidivism upon release from prison.

At Martin's sentencing hearing, the district court (1) overruled Martin's objection that the jury's drug quantity finding was unreliable due to inadequate instructions in the special verdict form; (2) determined that the mathematical error during closing argument did not affect the quantity determination; and (3) held Martin responsible for the 6,224.4 grams of methamphetamine found by the jury. The court's calculations resulted in a Guidelines sentencing range of 262 to 327 months. The district court imposed a sentence of 190 months of imprisonment, explaining that it had considered the sentences of "ever[y] other defendant in this case," as well as Martin's age and the other sentencing factors set forth in 18 U.S.C. § 3553(a).

## II.  DISCUSSION

### A.    Martin's Speedy Trial Act Claim

We first address Martin's claim that his conviction should be vacated due to a violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1990). Whether a district court has complied with the Speedy Trial Act is a matter of law subject to de novo review. United States v. Jackson, 30 F.3d 572, 575 n.2 (5th Cir. 1994).

The Speedy Trial Act requires that a defendant be tried within seventy non-excludable days from the date he appears before a judicial officer of the court in which the charge is pending. See 18 U.S.C. § 3161(c)(1), (h). However, a defendant's failure to move for dismissal prior to trial constitutes a waiver of the right to dismissal. See 18 U.S.C. § 3162(a)(2) (1975). Here, Martin acquiesced to the district court's grant of a co-defendant's motion to continue, and did not object to the court's finding of excludable time under an "ends of justice" analysis. See 18 U.S.C. § 3161(h)(8)(A).[2] Martin entirely failed to assert a speedy trial violation until after his guilty verdict and subsequent sentencing. Accordingly, any violation of the Speedy Trial Act was waived. See United States v. Hernandez, 457 F.3d 416, 420 (5th Cir. 2006) (because of failure to assert speedy trial rights until after the verdict, section 3162 "manifestly provides that Appellants have waived the right to dismissal.").

B.    Martin's Sufficiency Claim

Martin next asks us to reverse the jury's conspiracy verdict for insufficient evidence.[3] Because Martin preserved his challenge to the sufficiency of the evidence, we review de novo the district court's denial of his Rule 29 motion for judgment of acquittal. United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). Sufficiency is considered "in the light most favorable to the jury verdict," and we should affirm "if a rational trier of fact could find that the government proved all essential elements beyond a reasonable doubt." United States v. Grossman, 117 F.3d 255, 258 (5th Cir. 1997). "The evidence need not exclude

---

[2] This section excludes from the time computation "[a]ny period of delay resulting from a continuance . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

[3] Martin does not challenge as insufficient the evidence supporting his conviction for being a felon in possession of a firearm. Accordingly, any such claim is waived. See United States v. Pompa, 434 F.3d 800, 806 n.4 (5th Cir. 2005) (citing FED. R. APP. P. 28(a)(9)(A)).

every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence," United States v. Anderson, 174 F.3d 515, 522 (5th Cir. 1999) (quoting United States v. Burton, 126 F.3d 666, 669-70 (5th Cir. 1997)).

Martin was convicted of conspiring to distribute and possess with intent to distribute more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846 (1988). To establish Martin's guilt for the conspiracy charged in count one of the indictment, the government must have proved beyond a reasonable doubt that (1) there was an agreement between two or more persons to distribute or possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) Martin knew of the conspiracy and intended to join it; and (3) he voluntarily participated in the conspiracy. See, e.g., United States v. Mitchell, 484 F.3d 762, 768-69 (5th Cir. 2007), cert. denied, 128 S. Ct. 297, and cert. denied, 128 S. Ct. 869 (2008).

The government submitted evidence that Martin received well over 500 grams of methamphetamine from conspirator Randall Thomas Clark during an eighteen month period; that he participated in meetings to advance the goals of the broader narcotics distribution conspiracy; and that two searches of his residence recovered methamphetamine, items consistent with drug sales (including baggies, cutting agent, and scales), cash, firearms, and large amounts of ammunition.[4]

Martin argues that such trial testimony was insufficient to tie him to the crime, that no evidence was submitted that he sold narcotics during the

---

[4] We have frequently recognized that firearms are "tools of the trade" of those engaged in illegal drug activities. See, e.g., United States v. Martinez, 808 F.2d 1050, 1057 (5th Cir. 1987).

conspiracy, and that the testimony of cooperating defendants was biased and unreliable. However, the weight and credibility of the evidence are the sole province of the jury. United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992). "As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict." United States v. Medina, 161 F.3d 867, 872-73 (5th Cir. 1998) (quoting United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997)). Viewed in the light most favorable to the jury's verdict, the testimony of Holland, substantiated by the evidence recovered from Martin's residence, amply supports the finding that Martin was guilty of all elements required to prove his participation in the methamphetamine conspiracy. We therefore conclude that there was sufficient evidence from which a rational jury could have found beyond a reasonable doubt that Martin was guilty of the charged offense.

C.    Martin's Challenge to Denial of a Buyer-Seller Instruction

Martin next challenges the district court's jury instructions, and specifically faults the court's refusal to provide a "buyer-seller" instruction in the jury charge. We review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Thomas, 12 F.3d 1350, 1365 (5th Cir. 1994). A district court abuses its considerable discretion by denying a defendant's request when (1) the proposed instruction is substantially correct; (2) it was not substantially covered in the charge as a whole; and (3) omission of the requested instruction "seriously impaired the defendant's ability to present a given defense." United States v. Cain, 440 F.3d 672, 674 (5th Cir. 2006) (internal citations omitted).

Martin correctly observes that evidence of a buyer-seller relationship is not, by itself, sufficient to support a conviction for conspiracy. United States v.

Maseratti, 1 F.3d 330, 336 (5th Cir. 1993). However, Martin's broader argument is foreclosed by our precedent. See United States v. Mata, 491 F.3d 237, 241-42 (5th Cir. 2007), cert. denied, 128 S. Ct. 1219 (2008); United States v. Asibor, 109 F.3d 1023, 1035 (5th Cir. 1997); United States v. Thomas, 12 F.3d at 1365-66. In Mata, the trial court refused to give a buyer-seller instruction, because the jury charge contained a conspiracy instruction tracking Fifth Circuit Pattern Jury Instruction 2.89. Id. at 242. Since that instruction adequately summarized the law of conspiracy and covered the proposed buyer-seller language, the district court did not abuse its discretion in failing to give the jury the additional buyer-seller instruction. Id. In Asibor, we explained, "[s]o long as the jury instruction given by the court accurately reflects the law on conspiracy, this court will conclude that the buyer-seller relationship has also been adequately covered." Asibor, 109 F.3d at 1035. As in Mata and Asibor, the district court here provided a correct definition of conspiracy to guide the jury in its deliberations. See Mata, 491 F.3d at 242 (Fifth Circuit Pattern Jury Instruction 2.89 "is clearly an adequate instruction on the law of conspiracy"). Had the jury concluded that Martin was merely a buyer or seller, the elements necessary to prove a conspiracy would be lacking, and Martin would have been found not guilty. Maseratti, 1 F.3d at 336. Accordingly, the district court did not abuse its discretion in refusing Martin's requested buyer-seller instruction, and did not err by providing Pattern Jury Instruction 2.89.

D.    Clark's and Martin's Challenges to the Special Verdict Form

Clark and Martin fault the district court for failing to elaborate on the meaning of "attributable" in the special verdict form, and for neglecting to require a jury finding of foreseeable drug amounts. Such complaints regarding the special verdict form reveal no error. Whether or not the jury understood the concept of foreseeability, it is the judge, not the jury, who determines relevant conduct for the purposes of Guidelines sentencing. Edwards v. United States,

523 U.S. 511, 513-14 (1998); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Although the special interrogatory was a reasonable manner of ascertaining relevant conduct prior to United States v. Booker, 543 U.S. 220 (2005), a jury finding of drug quantity beyond a reasonable doubt was not required by Apprendi v. New Jersey, 530 U.S. 466 (2000). See FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases) § 2.89, application note (2001) (citing United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000)) (Apprendi doctrine inapplicable to court's determination of each conspirator's liability, because the sentences did not exceed the statutory maximum). The reliability of the facts found by the district court and reasonableness of the resulting sentence do not require that the jury understood the meaning of "attributable," or fully appreciated the Guidelines definition of foreseeability. Accordingly, any error in such a charge is harmless.

   E.   Sentencing Challenges

      1.   Procedural

Clark and Martin contest the district court's reliance on the jury's drug quantity findings, alleging error in the determination of the applicable base offense level under the United States Sentencing Guidelines. We review de novo a district court's interpretation and application of the Sentencing Guidelines, and review factual findings at sentencing for clear error. United States v. Yi, 460 F.3d 623, 635 (5th Cir. 2006).

The Supreme Court has structured our sentencing review as a two-step process. First, we are to review the sentencing process for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." Gall v. United States, 128 S. Ct. 586, 597

(2007). We require a district court to provide adequate justifications so that our review is meaningful and sentencing is perceived as fair. See id. An "unusually lenient or an unusually harsh sentence" requires the district court to explain why its conclusion "is appropriate in a particular case with sufficient justifications." Id. at 594. Second, we are to consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. at 597.

Clark and Martin appear to make a procedural challenge that the district court erred in calculating the drug quantity amount and, therefore, the concomitant Guidelines level. We find no error in the district court's reliance on the jury's drug quantity finding in assessing relevant conduct. It is well-settled that a sentencing judge has substantial discretion in sentencing, and is "entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Mares, 402 F.3d at 519. Indeed, we have previously deemed appropriate a district court's adoption of jury-determined drug amounts using a similar special interrogatory. United States v. Arnold, 416 F.3d 349, 362 (5th Cir. 2005) (affirming district court's sentence where drug quantity was found "solely based on facts found by a jury beyond a reasonable doubt") (emphasis in original). As the Seventh Circuit has observed, our foremost concern upon review is that the district court's fact findings are based on reliable evidence. United States v. Bequette, 309 F.3d 448, 450-51 (7th Cir. 2002) (affirming district court's adoption of drug quantities found by jury's special verdict). "Given this concern with reliability, it seems incongruous to suggest that a jury's drug quantity finding, made using only admissible evidence and found beyond a reasonable doubt, is inadequate for sentencing guidelines purposes." Id. at 451.

Here, the district court calculated Clark's and Martin's applicable offense levels by adopting the jury's finding of drug quantities attributable to each defendant as relevant conduct for purposes of USSG § 1B1.3(a)(1). These values were found by a jury beyond a reasonable doubt, appear to be conservatively limited to each defendant's direct involvement in the conspiracy, and find support in the testimony presented at trial.[5]  The district court did not blindly accept the jury's verdict – he found that the quantities were supported by considerable evidence.  They certainly constitute a sufficiently reliable estimate of the relevant conduct of each conspirator to be "plausible in light of the record as a whole."  United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005) (citation omitted).  Accordingly, the district court did not err in its fact-finding or resulting Guidelines calculations.

Clark complains that the district court insufficiently explained the reasons behind his sentence of imprisonment.  We find no error in the district court's explanation of its application of the factors set forth in 18 U.S.C. § 3553(a).  The court twice explained at Clark's sentencing that it considered "all of the factors" of 18 U.S.C. § 3553(a), and particularly cited Clark's age and the small likelihood of recidivism once he was released from prison.  In fact, the district judge ordered a sentence of imprisonment significantly below the applicable Guidelines range.  We have explained that,

> The court . . . need not engage in "robotic incantations that each statutory factor has been considered."  United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (internal quotation marks omitted); see United States v. Simpson, 430 F.3d 1177, 1186-87 (D.C. Cir. 2005) (finding no requirement for the district court to "specifically refer to each [section 3553(a)] factor") (emphasis in original).  Congress never intended sentencing "to become a

---

[5] The mathematical error of the prosecutor was explained to the jury in closing argument, and was apparently not relied upon by the jury (as they found a lesser drug amount than requested by the government).  The error was again raised at Martin's sentencing, and the district court specifically concluded that it did not affect the jury's quantity determination.

hyper-technical exercise devoid of common sense." United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001). Thus, a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable. See United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005).

United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The district court gave adequate reasoning for its decision.

### 2. Substantive

Martin also objects that the district court's sentence was unconstitutionally disparate from his co-defendants, which appears to be a challenge to the overall reasonableness of his sentence. The reasonableness of a sentence is reviewed for abuse of discretion. Gall, 128 S. Ct. at 597; United States v. Booker, 543 U.S. 220, 260-62 (2005).

The district court conducted a relatively lengthy sentencing hearing for Martin, and considered written and oral testimony that reflected the mitigating factors of section 3553(a). In imposing sentence on Martin, the court specifically cited rehabilitation, the sentences of co-defendants, Martin's age, and "the other sentencing factors set out in Section 3553," before departing from the advisory Sentencing Guidelines in Martin's favor.[6] The record is sufficiently clear that the district court gave due consideration to the trial testimony and factors set forth in § 3553(a) for each conspirator, and Martin has failed to demonstrate that his ultimate sentence was unreasonable when viewed against the totality of the 3553(a) factors. See Gall, 128 S. Ct. at 594, 597.

---

[6] The trial judge also explained, "So, that the record will be clear, I have imposed a sentence below the advisory guidelines because of the Defendant's age. I do think that he does have some medical problems which should be taken into consideration. But I think at his age the sentence that I have imposed is sufficient to impose just punishment for the crime that he's been – or crimes he's been convicted of. It's sufficient to keep him from committing further crimes if released. And it imposes just punishment."

Martin claims that his term of imprisonment resulted in an unconstitutional sentencing disparity. He argues that his sentence was significantly longer than those imposed on conspiracy leader Sergio Solis and co-conspirator Mike Holland, both of whom were allegedly more culpable. However, 18 U.S.C. § 3553(a)(6) bars only unwarranted sentencing disparities among similarly-situated co-defendants. We have recognized that an individual who chooses to go to trial and contest guilt is not similarly-situated to a conspirator – even one more involved in criminal conduct – who has pled guilty and provided information to law enforcement authorities. United States v. Cisneros-Gutierrez, 517 F.3d 751, 767 & n.51 (5th Cir. 2008). That Solis and Holland cooperated with the investigation, accepted responsibility, and testified against their co-conspirators, establishes that they were not similarly situated to Martin. See Gall, 128 S. Ct. at 600 ("From these facts, it is perfectly clear that the District Judge considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among other co-conspirators who were not similarly situated."). In any case, the district court expressly stated that it had considered the sentences imposed on "every defendant in the case" in determining Martin's below-guidelines sentence. Taking into account the totality of the circumstances, we cannot say the district court abused its discretion, or that the resulting sentence was unreasonable.

## III. CONCLUSION

For the reasons stated above, Clark's and Martin's convictions and sentences are AFFIRMED.