NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-4114

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 08-CR-55-C-01 |
| GODOFREDO MACAPUGAY, | |
| *Defendant-Appellant*. | Barbara B. Crabb, |
| | *Chief Judge*. |

**O R D E R**

Godofredo Macapugay underreported his income to the IRS for four consecutive years, but the government eventually caught on and in 2008 charged him with four counts of filing false tax returns. *See* 26 U.S.C. § 7206(1). Macapugay pleaded guilty to one count, and the district court sentenced him to a prison term of 12 months plus one day. Macapugay appeals, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue to pursue. Macapugay did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Macapugay could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy, but counsel gives no indication that Macapugay even wants his guilty plea set aside, so counsel should have omitted this discussion. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Next, counsel examines whether Macapugay could challenge the reasonableness of his prison sentence. In his written plea agreement, Macapugay stipulated that the total tax loss to the IRS for purposes of the guidelines calculation was $110,067, making his base offense level 13 after a three-level reduction for acceptance of responsibility. *See* U.S.S.G. §§ 2T4.1, 3E1.1. This, combined with a criminal history category of I, yielded a guidelines range of 12 to 18 months' imprisonment. The district court sentenced Macapugay to one day more than the low end of that range, ostensibly to ensure that he would be eligible for good-time credit under 18 U.S.C. § 3624(b). This sentence, within the properly calculated guidelines range, is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). Moreover, the district court arrived at the sentence after weighing the appropriate factors under 18 U.S.C. § 3553(a), including Macapugay's close familial ties, his good standing in the community as the owner of a small business (the same business, ironically, for which he consistently failed to report income), and the likelihood that he will be placed in deportation proceedings upon his release from prison. We therefore agree with counsel that any challenge to the reasonableness of Macapugay's sentence would be frivolous.

Finally, we agree with counsel—who also represented Macapugay before the district court—that if Macapugay wishes to raise a claim of ineffective assistance, he should do so in a collateral proceeding under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.