NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012
Decided March 29, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3289

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00008-001 |
| JIMMY LEE COOK, *Defendant-Appellant.* | Jane Magnus-Stinson, *Judge.* |

**O R D E R**

When Jimmy Lee Cook was 40 years old, he pretended in writing to be an underage male on YouTube.com and enticed an 11-year-old girl to create sexually explicit videos of herself and upload them to the site. Cook then recorded the videos onto DVDs. Authorities received a tip about the videos and Cook's involvement, and eventually recovered four DVDs containing child pornography when they searched Cook's residence. Cook waived indictment and pleaded guilty to an information charging him with receiving child pornography, 18 U.S.C. § 2252(a)(2). The district court sentenced him to 160 months' imprisonment. Cook filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Cook has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our

review to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel advises that Cook does not wish to challenge his guilty plea, and thus the lawyer appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel notes that he sees no basis for an appellate claim about the guidelines calculations, which Cook accepted without objection in the district court. That leaves counsel with little else to discuss. Cook's total offense level of 33 and Category I criminal history yielded an imprisonment range of 135 to 168 months. In selecting 160 months, the district court explained that Cook already had a misdemeanor conviction for assault and battery arising from a sex offense committed against a six-year-old girl. The court reasoned that other children need protection against the risk that Cook will commit more sex crimes. *See* 18 U.S.C. § 3553(a). The court concluded that this consideration outweighed Cook's argument in mitigation that he had suffered many setbacks in life due to depression, his ex-wife's infidelity, and the loss of his house. Counsel has considered challenging the reasonableness of Cook's prison term but has not identified any reason to disturb the presumption of reasonableness applicable to Cook's within-guidelines sentence. *See Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010).

Counsel (who also represented Cook in the district court) explored the possibility of claiming that his performance has been constitutionally deficient. But the lawyer has not flagged any aspect of his representation that might be characterized as deficient, nor would it be appropriate for counsel to challenge the adequacy of his own performance. *See United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003). At all events, claims of ineffective assistance are best saved for collateral review where the necessary factual predicate can be developed. *See Massaro v. United States,* 538 U.S. 500, 504–05 (2003); *United States v. Persfull,* 660 F.3d 286, 299 (7th Cir. 2011). We agree with counsel that Cook's appeal is frivolous. Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.