NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012
Decided September 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1677

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CR-30133-001-DRH |
| MICHAEL WAYNE BAILEY, *Defendant-Appellant*. | David R. Herndon, *Chief Judge*. |

**O R D E R**

Michael Bailey pleaded guilty to possession and receipt of child pornography, 18 U.S.C. § 2252(a)(2), (a)(4)(B), after police discovered on his personal computer 12 images of minors engaging in sexually explicit conduct. Authorities also recovered a series of online chat-logs revealing that Bailey had discussed child pornography and exchanged photographs with other online participants for more than 10 years. The district court sentenced him to 97 months' imprisonment, the bottom of his guidelines range. Bailey filed a notice of appeal, but the appointed lawyer who represented him in the district court has moved to withdraw because she cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Bailey has not responded to counsel's motion. *See* CIR. R.

51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Bailey has told counsel that he does not want to challenge his guilty plea, counsel properly refrains from evaluating the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers whether the district court improperly denied Bailey a two-point reduction to his offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). Despite Bailey's plea of guilty and the probation officer's recommendation to grant the reduction, the court found that he had not accepted responsibility within the meaning of § 3E1.1(a) because after his arrest he repeatedly lied about his criminal conduct. We agree with counsel that it would be frivolous to challenge the district court's denial of the reduction. A sentencing judge's determination that a defendant has not accepted responsibility is entitled to "great deference," U.S.S.G. § 3E1.1(a) cmt. n.5; *United States v. Mount*, 675 F.3d 1052, 1057–58 (7th Cir. 2012), and a defendant is not entitled to the reduction if he minimizes or lies about his criminal conduct, *see United States v. Munoz*, 610 F.3d 989, 993–94 (7th Cir. 2010); *United States v. Miller*, 343 F.3d 888, 890–91 (7th Cir. 2003); *United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999). As the district court explained, Bailey's post-arrest statements were inconsistent and contradictory: he lied to police when he denied that any of the files he used his cellular phone to delete from his computer after its seizure contained images of child pornography, and—despite all reasonable inferences to the contrary—he minimized his wrongful conduct when he told a psychiatrist that he downloaded child pornography only once, tried to delete the files immediately, and engaged in the chats as only a "kind of role play" to "engage people in outrageous discussions."

Counsel also considers whether Bailey could challenge the reasonableness of his 97-month sentence but properly concludes that such a challenge would be frivolous. Bailey's within-range sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and we are presented with no reason to set aside the presumption here. The district court meaningfully considered the sentencing factors in 18 U.S.C. § 3553(a), noting on the one hand the need to protect the public from further crimes by Bailey and the fact that his actions encouraged "harm against children," and on the other hand his lack of criminal history, strong letters of support, and decorated service in the military.

Counsel last considers whether Bailey could argue that he received ineffective assistance. Counsel correctly acknowledges, however, that an ineffective-assistance claim is best saved for collateral review, especially where, as here, she also represented him at

sentencing. *See Massaro v. United States,* 538 U.S. 500, 504–05 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.