NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014
Decided November 4, 2014

**Before**

RICHARD D. CUDAHY *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2003

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-CR-30252-MJR |
| CARVIN G. BROOKS, *Defendant-Appellant.* | Michael J. Reagan, *Chief Judge.* |

**O R D E R**

Carvin Brooks was on parole from a state sentence for burglary when he was arrested for pummeling a female gas-station clerk and stealing $300 from the cash register. He pleaded guilty without a plea agreement to one count of interference with commerce by robbery. *See* 18 U.S.C. § 1951. The district court sentenced him to 120 months' imprisonment, more than double the guidelines range, and 3 years of supervised release. Brooks was also ordered to pay $3,952 in restitution. He filed a notice of appeal challenging his sentence, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744

(1967). Brooks opposes this motion. *See* Cɪʀ. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects discussed by counsel as well as those raised by Brooks. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Brooks does not wish to challenge his guilty plea and thus appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Brooks could argue that his 120-month sentence, well above the calculated range of 46-57 months, is unreasonable and correctly concludes that such a challenge would be frivolous. We would uphold as reasonable a sentence that exceeds the recommended guidelines range as long as the district court justifies its reasons consistent with the sentencing factors set forth under 18 U.S.C. § 3553(a). *See United States v. Molton*, 743 F.3d 479, 484 (7th Cir. 2014); *United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011). The judge here emphasized Brooks's violent criminal history, *see* 18 U.S.C. § 3553(a)(1), noting that the guidelines did not adequately account for his string of robberies and burglaries spanning twelve days in 2003 (Brooks was convicted of crimes of violence that did not receive points because they were treated as a single sentence under U.S.S.G. § 4A1.2(a)(2)). The judge also addressed the seriousness of the offense, s*ee* 18 U.S.C. § 3553(a)(2)(A), remarking that Brooks "beat the tar" out of a woman he outweighed by 100 pounds, as well as the need to promote respect for the law, *see id.*, justifying the lengthy sentence based on Brooks's parole violation and his use of heroin while incarcerated. The judge finally explained the need for both general and specific deterrence, s*ee id.* § 3553(a)(2)(B), because the offense occurred in a crime-riddled area and Brooks was likely to recidivate, given his history of drug use and violence against women.

Counsel also considers whether Brooks may raise a claim of ineffective assistance of counsel but properly concludes that such a challenge is best reserved for collateral review through which a record can be developed, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005), especially because she represented Brooks at the sentencing hearing. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Finally, in his Rule 51(b) response, Brooks contends that the district court did not properly consider his mental health as a mitigating factor. But the judge acknowledged Brooks's long-term struggle with depression and other mental-health issues and acted within his discretion in determining that these circumstances were outweighed by the aggravating factors present in the case. *See United States v. Smith*, 721 F.3d 904, 908 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 660 (U.S. 2013).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.