**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021
Decided August 18, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2576

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cr-175-jdp |
| CURTIS E. GREEN, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

While on federal supervised release for convictions in 2007 for stealing firearms from a federally licensed dealer, *see* 18 U.S.C. § 922(u), Curtis Green pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 57 months' imprisonment, the bottom of the applicable Sentencing Guidelines range. Green appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the

---

[1] In the same proceedings, the district judge also revoked Green's supervised release in his other criminal case and sentenced him to a one-year prison term to run

nature of the case and raises potential issues that an appeal like this would be expected to involve. Because his analysis appears thorough, and Green has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In the early hours of October 26, 2019, Green was in the parking lot of a strip club talking with his friend, a dancer from the club, when a man leaving the club crudely propositioned the friend, said "white power," and then got into a truck with other men and drove away. Green followed the truck in his car. When it pulled onto a side street, he fired a gun at the truck several times, striking the man he had followed once in the leg. After police officers identified Green as the shooter, they searched his home and car and found a handgun and ammunition. Green admitted that he had followed the truck but denied shooting anyone, saying that he just wanted to get the truck's license plate number so he could avoid the men in the future.

In his brief, counsel informs us that he consulted with his client and confirmed that Green wishes to challenge only his sentence, not the validity of his guilty plea. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of Green's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Green could challenge the district judge's application of a four-level enhancement under U.S.S.G § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony, namely, the shooting. At sentencing, Green objected to the proposed enhancement, arguing that because state charges related to the shooting were still pending, his role had not been established, and thus there was insufficient evidence of his guilt. Because Green did not admit to the shooting, the district judge held an evidentiary hearing. The government submitted evidence that witnesses had identified Green's car as the source of the gunshots. Further, video footage showed the altercation outside the strip club, Green following the victim in his car, and a "muzzle flash" coming from Green's car at the scene of the shooting. Forensic analysis showed that the shell casings from the scene matched Green's gun. Green countered that the witnesses were intoxicated, that the muzzle-flash video was ambiguous, and that no evidence confirmed that he—not someone else in his car—fired the shots. The judge

consecutively to his new sentence. Green did not file a notice of appeal in that case, No. 06-cr-224-jdp-1, so we follow counsel's lead in not discussing it.

found by a preponderance of the evidence that Green was the shooter and applied the enhancement.

Our review of that factual finding would be only for clear error, *see United States v. Slone*, 990 F.3d 568, 572 (7th Cir. 2021), and counsel is correct that there was more than enough evidence to support the judge's finding here. As the judge noted, even setting aside the videos and witness statements, Green's own admissions placed him at the scene of the shooting, and the evidence pointed to his gun as the source of the spent ammunition. And the judge was justified in rejecting Green's theory about a passenger as "rank speculation" given that Green did not testify to support that theory, there was no evidence of another person in the car, and the established timeline did not allow any opportunity for him to have picked someone up. Under these circumstances, counsel correctly concludes that it would be frivolous to argue that the district judge clearly erred in applying the enhancement.

Next, counsel appropriately rejects any argument based on a potential procedural error. As counsel notes, the court correctly calculated the 57-to-71-month guidelines range based on a total offense level (with the four-level enhancement) of 21 and a criminal history score of IV. *See* U.S.S.G. § 5A. Nor does the record reflect any other potential procedural errors, such as overlooking a principal mitigating argument or inadequately explaining the sentence.

We also agree with counsel that any challenge to Green's sentence as substantively unreasonable would be futile. Green's sentence is at the bottom of the guidelines range and would therefore be presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Nothing in the record, which shows that the judge considered the sentencing factors under 18 U.S.C. § 3553(a), could rebut that presumption. The judge emphasized that Green's offense was serious—particularly because he was on supervised release at the time—and weighed that against Green's difficult childhood and the risk that he might receive a long sentence for the same conduct in state court. The judge then concluded that a 57-month sentence would suffice to reflect the seriousness of Green's offense, protect the public, and provide just punishment. *See* § 3553(a)(1)–(2).

Counsel also properly rejects a potential challenge to the judge's decision not to specify whether Green's sentence would run consecutively or concurrently to any state-court sentence for the shooting. Under U.S.S.G. § 5G1.3(c), when a district court anticipates that the defendant will receive a state sentence for relevant conduct, the

federal sentence "shall be imposed to run concurrently" to the expected state sentence. But, like all provisions of the Sentencing Guidelines, § 5G1.3(c) is advisory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Here, the judge recognized that he had discretion on the matter but noted that the state-court judge likewise had discretion to adjust her sentence as she saw fit. Without cabining the state judge's discretion, the district judge expressed his "hope" that the state judge would account for the time added to Green's federal sentence based on the shooting. That deferral was within the judge's discretion. *See United States v. Hoffman*, 847 F.3d 878, 883 (7th Cir. 2017).

Finally, counsel correctly concludes that an argument based on ineffective assistance of counsel would be frivolous. Counsel represented Green at sentencing and would be in no position to challenge his own performance. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Further, such claims generally should be reserved for collateral review when the defendant may develop a full record. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

The other potential issues that counsel addresses are so obviously frivolous that they do not warrant discussion. Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.